UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ZENON GRZEGORCZKY, | ) | CASE NO. 4:16 CV 2654 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, et al., | ) | AND ORDER |
| | ) | |
| Respondents. | ) | |

On October 31, 2016, petitioner *pro se* Zenon Grzegorczky, an inmate at the Federal Correctional Institution at Elkton (FCI Elkton), filed this action for writ of habeas under 28 U.S.C. § 2241.  The petition and its attachments reflect that Grzegorczky was disciplined for fighting and lost 27 days of good time credit.  He asks this court to review the finding of the Disciplinary Hearing Officer ("DHO") and remove the sanctions imposed on him.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"

*Rice v. White*, 660 F.3d 242, 249 (6th Cir.2011) (quoting Section 2241).

A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.2003). A habeas corpus petition under § 2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir.1999). Each of these statutes provide its own type of relief, and for this reason, they are not interchangeable. Because the loss of good time credits affects the manner in which Grzegorczky's sentence is carried out, his petition is properly filed under § 2241.

This court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985). The only question for the court to determine is whether the hearing complied with basic requirements needed to satisfy due process. This standard is not a difficult one to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings.

*Id.* at 569–70.

Due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution*, 472 U.S. at 455. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. The DHO is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id.* at 457.

There is no suggestion Grzegorczky was not afforded basic due process requirements. Further, it is apparent on the face of the petition and attachments that the DHO had some evidence to support a finding of guilt.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                /s/ Patricia A. Gaughan
                                                PATRICIA A. GAUGHAN
                                                UNITED STATES DISTRICT JUDGE

Dated: 1/11/17